Darst *v.* Rush.

---

14 | 81
79 | 643

## DARST *v.* RUSH *et als.*

WHERE plaintiff was nonsuited on the ground that the allegations of the complaint were not sustained by the evidence, and judgment for costs rendered against him, no motion for new trial is necessary.

A reference, in a statement on appeal, to the evidence as taken by the Clerk, with the consent of parties, is sufficient, the evidence being in the transcript. The statement need not *contain* the evidence.

Action for damages against defendants, averring that they "with force and arms, broke and entered" upon the premises of plaintiff, and damaged them by causing them to be overflowed and covered with earth, gravel, tailings, etc. deposited thereon by the action of running water. *Held*, that, under our system of pleadings, the words "with force and arms broke and entered," do not confine the proof to the direct and immediate damage, as in the old action of trespass; that the *facts*, being clearly set out in the complaint, the addition of these words was surplusage.

APPEAL from the Fourteenth District.

Action for damages for injury to a lime-house and marble mill of plaintiff. The defendants were miners, having claims near the summit of a hill, sloping down to the Yuba River at an angle of thirty-five to forty degrees. These claims were worked by water, which, after use, was permitted to flow down the hill on to the premises of plaintiff, situated at the foot. The earth, gravel, and other refuse matter, thus thrown upon plaintiff's premises, caused damage. He sues, averring, substantially, as stated in the opinion of the Court. The Court below thought the action should have been case, not trespass.

*Dunn & Buckner*, for Appellants.

1. Trespass always lies when the injury is the immediate result of the acts of the defendants. In this case they built their ditches and flumes knowing of plaintiff's buildings and claims, and the injury was immediate, not consequential, and, therefore, the proof sustained the complaint. (1 Chit. Pl. Side, 127—129; 5 T. R. 649; 3 East, 602; 2 Lord Raymond, 1403; 1 Id. 188; *Reane* v. *Runk*, Serg. & Rawle, 215; *Parker* v. *Elliot*, Gil. 33; *Marsh* v. *Payne*, 9 John. cases cited; 3 Serg. & Rawle, 216; *Mercer* v. *Wannsley*, 5 Harr. & Johns. 27; *Vaughn* v. *Rhodes*, 2 McCord, 227.)

*McConnell & Niles*, for Respondents.

I. There was no motion for a new trial by the plaintiff. Therefore, the evidence in the case cannot be reviewed by this Court. (*Griswold* v. *Sharpe*, 2 Cal. 23; *Brown* v. *Graves*, Id. 119; *Smith* v. *Phelps*, Id. 120; *Ingraham et al.* v. *Gildermester et al.* Id. 483; *Covillaud* v. *Tanner*, 7 Id. 39; *Brown* v. *Tolles*, 7 Id. 399; *Garwood* v. *Simpson*, 8 Id. 108.)

The District Court decided that the facts proven by plaintiff's witnesses were not sufficient to make out his case. Since those

facts can only be reviewed on motion for a new trial—and no such motion was made—this Court can consider the record only, wherein no error appears.

II.   There was no statement on appeal.   A statement on appeal, unlike a statement for a new trial, must embody the evidence which is relied on, or so much as may be necessary to explain the exceptions.   (*Dickenson* v. *Van Horn,* 9 Cal. 210.)

The statement must contain, not refer to, the evidence.   The ruling of the District Court in granting a nonsuit was correct.

This was an action of trespass.   There was no proof that defendants ever entered the lime-house or marble mill of plaintiff's " with force and arms," or that they ever trespassed upon the mill or lime-house.

Although our Legislature may have abolished forms of action, they have not, and cannot, abolish the distinction between the nature of injuries—between the forcible and immediate injuries, and injuries mediate and consequential.

The injuries to the lime-house and marble mill of the plaintiff were consequential, and the plaintiff should have brought an action on the case.

It was no trespass *vi et armis,* by the defendants, to turn the water which they used in working their claims into a channel different from that in which it had previously flowed.   (Wheaton's Selwyn's N. P. 440 ; Id. Ch. 12 ; *Reynolds* v. *Clark,* Lord Raymond, 1399.)

Cope, J. delivered the opinion of the Court—Baldwin, J. concurring.

In this case the Court below nonsuited the plaintiff, on the ground that the allegations of the complaint were not sustained by the evidence.   A judgment for costs was rendered against the plaintiff, and he thereupon appealed to this Court.   It is urged here that this judgment cannot be reviewed, because : 1. No motion was made for a new trial ; and, 2. There is no statement on appeal *containing* the evidence upon which the nonsuit was granted.   Neither of these objections are tenable.   This Court has never decided that a motion for a new trial was necessary in a case like this, and the obvious inconvenience of the practice is a sufficient reason why it should not be adopted.

The reference in the statement to the evidence, as taken down by the Clerk, is sufficient. It was taken down with the consent of parties, and as it was placed on file and retained among the papers in the case, there was no necessity for transcribing it into the statement. The evidence referred to is clearly identified, and the names of the witnesses given. No mistake as to what was intended could possibly occur, and the objection is too technical to be allowed.

The only error assigned by the Appellant is the order of the Court in granting the nonsuit. The complaint states in substance, that certain premises of the plaintiff were *forcibly* entered by the defendant, who did great damage thereto, by causing the same to be overflowed and covered with earth, gravel, and other worthless matter, moved and deposited thereon by the force, and through the agency, of running water.

The language of the complaint is, that the defendants, " with *force* and *arms, broke* and *entered,*" etc. The evidence shows that the defendants were engaged in mining on the side of a hill a short distance above the premises of the plaintiff; that they used in their operations a large quantity of water, and that this water, after being thus used, escaped and flowed down the hill, carrying with it and depositing on these premises the earth, gravel, and worthless matter, mentioned in the complaint. The defendants caused the water to flow as it did, and the damage done was the result of their acts. The Court below assumed as the result of the evidence, that the damage done to the premises of the plaintiff was the remote and consequential, and not the direct and immediate, effect of the acts of the defendants.

In the view we take of the case, the correctness or incorrectness of that position is wholly immaterial. Under our system, the pleader is required to state, in ordinary and concise language, the facts constituting the cause of action, and the addition of unimportant words and phrases, which do not alter the meaning and lead to doubt and misapprehension, cannot change or impair the effect of the pleading. In this case, the defendants could not have been misled by any words used in the complaint. The facts are stated in clear and accurate terms, free from all ambiguity in sense or expression. The proof conformed to these facts, and the words " with force and arms," and all

other words expressive of force and violence, as used in the complaint, were unnecessary, but entirely harmless, and should have been treated as surplusage.

Judgment reversed and cause remanded.